UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUSTIN COOPER,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>NETHANJAH BREITENBACH,[1]<br><br>　　　　　　　　　Respondent. | Case No. 3:25-cv-00768-ART-CLB<br><br>SCREENING ORDER |

*Pro se* Petitioner Dustin Cooper has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, an application for leave to proceed *in forma pauperis* ("IFP"), and a Financial Certificate. (ECF No. 1-1 ("Petition"), 1 ("IFP Application"), 4.) This Court finds good cause exists to grant Cooper's IFP application. As such, this matter comes before this Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, this Court directs service of the Petition and sua sponte raises the issue of counsel.

I. **BACKGROUND**[2]

Cooper challenges a conviction and sentence imposed by the Third Judicial District Court for Lyon County ("state court"). A jury found Cooper guilty of first-degree murder with the use of a deadly weapon for the death of his wife. Cooper was sentenced to life with the possibility of parole after 20 years for the first-

---

[1] The state corrections department's inmate locator page shows that Cooper is incarcerated at Lovelock Correctional Center. Nethanjah Breitenbach is the current warden for that facility. Accordingly, at the end of this Order, this Court kindly requests the Clerk of Court to substitute Nethanjah Breitenbach for Respondent State of Nevada. *See* Fed. R. Civ. P. 25(d).

[2] This Court takes judicial notice of the online docket records of the Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do). Notably, the Third Judicial District Court for Lyon County does not have online docket records.

degree murder conviction plus 60 to 240 months for the deadly weapon enhancement. Cooper appealed, and the Nevada Supreme Court affirmed on December 19, 2019. *Dustin Cooper v. State of Nevada*, No. 76782.

Cooper filed a state habeas petition on March 27, 2020. Cooper's counsel then filed a supplemental petition. An evidentiary hearing was held on June 2, 2023, and the state court denied Cooper postconviction relief on February 8, 2024. Cooper appealed, and the Nevada Supreme Court affirmed on June 17, 2025. *Dustin Broc Cooper v. William Gittere*, No. 88240. Remittitur issued on July 8, 2025.

## II. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). This Court finds that a response is warranted in the instant case.

Further, it appears that counsel may be helpful in this case. The Criminal Justice Act authorizes the court to appoint counsel "when the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Although this Court finds that the appointment of counsel is in the interests of justice given the apparent complexities of this case and Cooper's lengthy sentence, this Court is cognizant of the fact that Cooper has not moved for the appointment of counsel. As such, this Court gives Cooper until January 30, 2026, to file a motion for the appointment of counsel. If Cooper does not file such a motion or otherwise indicates that he does not wish for counsel to be appointed, this Court will not appoint counsel and will issue a scheduling order on the Petition.

### III. CONCLUSION

It is therefore kindly ordered that the Clerk of Court (1) substitute Nethanjah Breitenbach for Respondent State of Nevada, (2) file the Petition (ECF No. 1-1), (3) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, and (4) electronically provide Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all other items previously filed in this case by regenerating the Notices of Electronic Filing.

It is further ordered that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order, but no further response will be required until further order.

It is further ordered that Cooper has until January 30, 2026, to file a motion for the appointment of counsel if he desires that counsel be appointed to represent him.

DATED THIS 7th day of January 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3